UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC CLYDE BALL,

        Petitioner,                       Case No. 1:07-cv-1095

v.                                              Honorable Robert Holmes Bell

JOHN R. HOLMES,

        Respondent
_____/

## REPORT AND RECOMMENDATION

This is an action brought by a state prisoner seeking declaratory judgment for alleged violations of his civil rights, ostensibly filed pursuant to 28 U.S.C. §§ 2201, 2202. Petitioner has paid the $350.00 civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Petitioner's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Petitioner's action be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Petitioner Eric Clyde Ball presently is incarcerated with the Michigan Department of Corrections and housed at the Muskegon Correctional Facility. He currently is serving a term of life imprisonment imposed by the Calhoun County Circuit Court on March 8, 1996, after Petitioner was convicted by a jury of possession with intent to deliver 650 or more grams of cocaine, in violation of MICH. COMP. LAWS § 333.7401.

In his petition for declaratory relief, Petitioner alleges that the felony complaint underlying the 1995 arrest warrant leading to his conviction was inadequate to provide probable cause for his arrest. As a result, Petitioner contends that Respondent Hon. John R. Holmes, Chief Judge of the 10th Michigan District Court, improperly issued his warrant, in violation of the Fourth Amendment to the United States Constitution. Petitioner asks this Court to strike the arrest warrant and bar its use in all past and subsequent criminal court proceedings.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

The Declaratory Judgment Act, 28 U.S.C. § 2201, cited by Petitioner as the basis of this action, is not "an independent basis for federal subject matter jurisdiction." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Before invoking the Declaratory Judgment Act, a federal court must "have

jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

Because Petitioner challenges the underlying circumstances of his state-court conviction, the only possible jurisdictional basis for federal court review of his arrest is a challenge brought pursuant to 28 U.S.C. § 2254.  Habeas corpus is the exclusive federal remedy for a challenge to the fact or duration of confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Where, as here, an injunction barring the use of his arrest would implicate the validity of Petitioner's conviction, the action must be construed as a challenge to the fact of his confinement.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (extending *Heck* to actions seeking declaratory relief).  Therefore, plaintiff's only remedy is an application for habeas corpus relief; his petition for declaratory judgment must be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Petitioner's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§ 1915A(b).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  November 29, 2007            /s/  Joseph G. Scoville
                                     United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).